**Opinion issued July 9, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00673-CR

———————————

**GERALD DWAYNE WOODS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**And**

———————————

## NO. 01-25-01100-CR

———————————

**EX PARTE GERALD DWAYNE WOODS**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1695082, 1695082A**

---

**MEMORANDUM OPINION**

Appellant Gerald Dwayne Woods was indicted for the offence of indecency with a child by exposure. *See* TEX. PENAL CODE § 21.11(a)(2). Pursuant to a plea-bargain agreement with the State, Woods pled guilty to the third-degree felony of indecency with a child by exposure, enhanced by a prior felony conviction, and the trial court placed him on deferred adjudication for a period of five years. *See* TEX. PENAL CODE § 12.425; TEX. CODE CRIM. PROC. art. 42A.101(a), 42A.104(a).

The State subsequently filed a First Amended Motion to Adjudicate alleging Woods had violated several terms of his community supervision. *See* TEX. CODE CRIM. PROC. art. 42A.108(a). Woods pled not true to the violations. After a hearing, the trial court adjudicated Woods guilty and sentenced him to eight years in prison. Woods timely filed a notice of appeal.

Woods's appointed counsel filed a motion to withdraw, along with a supporting brief, stating the record presents no reversible error and requesting permission to withdraw from his representation of Woods under *Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious substantive issues after an independent review of the record, we affirm the trial court's judgment and grant counsel's motion to withdraw.

**Discussion**

Counsel filed an *Anders* brief stating he has complied with all *Anders* requirements and requesting he be allowed to withdraw from his representation of

Woods. Counsel states his professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment and sentence would lack merit and be frivolous. *See id.* at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Counsel's brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, he is unable to advance any grounds of error warranting reversal. *See Anders*, 386 U.S. at 744; *Mitchell*, 193 S.W.3d at 155. The State waived its right to file a response and Woods filed a *pro se* brief in response to the *Anders* brief.[1]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court—not

---

[1] In response to his counsel's *Anders* brief, Woods filed a *pro se* brief on December 8, 2025, a "provisional" brief on December 19, 2025, and a supplemental brief on March 30, 2026. On December 17, 2025, Woods also filed a document titled "Habeas Corpus Defendant Provisional Pro Se Brief of Meritorious Grounds on Appeal," which this Court filed under Appellate No. 01-25-00673-CR. Although titled as a "Habeas Corpus" provisional pro se brief, Woods' December 17th filing is, in substance, his second response to his counsel's *Anders* brief.

To the extent Woods' December 17th filing is seeking post-conviction habeas relief from his felony conviction in this case, we dismiss it for lack of jurisdiction. *See Hicks v. State*, No. 01-20-00017-CR, 2020 WL 894442, at *1 (Tex. App.—Houston [1st Dist.] Feb. 25, 2020, no pet.) (mem. op., not designated for publication) ("Only the Texas Court of Criminal Appeals has jurisdiction to grant such relief in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure."); TEX. CODE CRIM. PROC. art. 11.07 § 3(a) ("After final conviction in any felony case, the writ [of habeas corpus] must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas.").

with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). We must thus independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no reversible error. *Id.* at 826–27. Woods may challenge that holding by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

After conducting an independent review of the record on appeal, we agree with counsel that there is no reversible error in the record, there are no arguable grounds for review, and the appeal from Woods's conviction is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (stating reviewing court determines whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 827 (same); *Mitchell*, 193 S.W.3d at 155 (stating reviewing court determines whether arguable grounds exist by reviewing entire record).

## Conclusion

We affirm the judgment of the trial court and grant counsel's motion to withdraw. *See* TEX. R. APP. P. 43.2(a).[2] Court-appointed counsel Tom Abbate must immediately send Woods the notice required under Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform Woods of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).